IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AYLA C.R.,[1]

      Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

_____

Case No. 6:23-cv-00661-MC

OPINION AND ORDER



MCSHANE, Judge:

Plaintiff brings this action for judicial review of a final decision of the Commissioner of

Social Security ("Commissioner") denying her application for Supplemental Security Income

("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C.

§§ 405(g) and 1383(c)(3). Here, Plaintiff asks the Court to consider whether the Administrative

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

Law Judge ("ALJ"): (1) erred in evaluating persuasiveness of all medical opinions; (2) erred in evaluating Plaintiff's testimony; and (3) erred in rejecting competent lay testimony.

Because the ALJ erred, and because the record as a whole reveals Plaintiff is disabled under the Act, the Commissioner's decision is REVERSED and this matter is REMANDED for calculation and award of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on June 11, 2020, alleging disability starting March 16, 2012. Tr. 254.[2] Her claim was initially denied on May 26, 2021, and upon reconsideration on September 3, 2021. Tr. 167–70, 146–56. Plaintiff requested a hearing before an ALJ and participated in a telephone hearing before the Honorable Steven A. DeMonbreum on March 10, 2022. Tr. 65–97, 185–87. ALJ DeMonbreum denied Plaintiff's claim by a written decision dated April 11, 2022. Tr. 12–27. Plaintiff sought review from the Appeals Council and was denied on March 10, 2023, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1–6. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff was thirty years old on the date of her application. Tr. 25. She has at least a high school education and does not have past relevant work experience. Tr. 25, 73. She had not participated in substantial gainful activity since the date of her application. Tr. 17. The ALJ determined Plaintiff had the following severe, medically determinable impairments: schizophrenia spectrum disorder; bipolar disorder; schizoaffective disorder; anxiety disorder; eating disorder; cannabis use disorder, severe, dependence; alcohol use disorder, moderate, in remission; and

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 7-1.

history of methamphetamine abuse. Tr. 18. The ALJ found Plaintiff had no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ found Plaintiff had the RFC to perform a "full range of work at all exertional levels, but with the following nonexertional limitations": "simple, routine, repetitive tasks; no fast-paced assembly line type of work; occasional interaction with public, co-workers, and supervisors; and needs a static work environment with few changes in work routines and settings." Tr. 21. Finally, the ALJ concluded based on the testimony of a vocational expert that Plaintiff was capable of performing work that exists in significant numbers in the national economy. Tr. 25–26. The ALJ then found Plaintiff was not disabled under the Act since her application date. Tr. 27.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157

F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies their burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

Plaintiff raises three issues on review (Pl.'s Brief 5, ECF No. 10):

1. Whether the ALJ erred in finding the medical opinions of Chris McFarland, QMHA, and Dayna Svendsen, LCSW, less than fully persuasive, and whether that evidence should be fully credited as true.

2. Whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony, and whether that evidence should be fully credited as true.

3. Whether the ALJ erred in rejecting the competent lay testimony in the case record, and

whether that evidence should be fully credited as true.

Because the ALJ discounted Plaintiff's subjective symptom testimony without clear and convincing reasons supported by substantial evidence, the ALJ committed reversible error.

## I.    The ALJ Failed to Properly Evaluate Plaintiff's Symptom Testimony

Plaintiff argues the ALJ failed to identify specific, clear and convincing reasons to reject her subjective symptom testimony. Pl.'s Brief 14. The Commissioner argues the ALJ properly discounted Plaintiff's testimony based on the objective medical evidence, improvement with treatment, unwillingness to follow prescribed treatment, and Plaintiff's activities of daily living. Def.'s Brief 10–13, ECF No. 12.

An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). The ALJ is not "required to believe every allegation of disabling pain." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). When there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "If the ALJ's credibility finding is supported by substantial evidence in the record," this Court "may not engage in second-guessing," *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted), and "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation," *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citation omitted).

First, to the extent the ALJ rejected Plaintiff's testimony because it was inconsistent with the objective evidence (Def.'s Brief 10), the ALJ failed to identify the specific testimony he found not credible and unsupported. It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). However, "we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ may discredit subjective testimony "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). In particular, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence," as opposed to contradicted by it. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

In addition to misstating the standard regarding *inconsistency* with the objective medical evidence, the ALJ's conclusion that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" is not accompanied by specific reasons tying the inconsistent testimony to the disproving evidence. Tr. 22. While the ALJ provided a general review of the medical record (*see* Tr. 22–23), this is insufficient to satisfy the ALJ's burden. *See Brown-Hunter*, 806 F.3d at 494 (holding summary of medical evidence supporting RFC determination is "not the sort of explanation or the kind of 'specific reasons'" required). The ALJ did not "show his work" to establish a clear and convincing reason to discount

Plaintiff's testimony. *Smartt*, 53 F.4th at 498–99. Accordingly, the ALJ's discounting of Plaintiff's subjective symptom testimony based on the objective medical evidence is not supported by substantial evidence.

The Commissioner's additional bases in support of the ALJ decision also fail in the face of Plaintiff's challenge. Upon review, the Court is limited to the reasoning and factual findings offered by the ALJ, not post-hoc explanations that attempt to "intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009); *Brown-Hunter*, 806 F.3d at 492 (stating reviewing court is "constrained to review the reasons the ALJ asserts"). The ALJ must "identify the testimony [he] found not credible" and "link that testimony to the particular parts of the record supporting [his] non-credibility determination." *Brown-Hunter*, 806 F.3d at 494. The Commissioner argues the ALJ also properly discounted Plaintiff's subjective symptom testimony based on her improvement with treatment, her failure to follow treatment instructions, including by using cannabis, and her activities of daily living. Def.'s Brief 10–13. Although the ALJ referred to each element of the Commissioner's argument during the discussion of the RFC, the ALJ nowhere ties the purportedly discrediting evidence now identified by the Commissioner to a particular aspect of Plaintiff's testimony to reach specific conclusions discrediting Plaintiff's testimony. *See* Tr. 21–24. Far from demanding a paragon of clarity from the ALJ, in this case, without more, the ALJ's decision borders on an arbitrary discrediting of Plaintiff's testimony and denial of benefits. *Brown-Hunter*, 806 F.3d at 493–94. Because the Court cannot "substitute [its own] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions," the ALJ erred where his decision lacks specific explanations of its bases for discounting Plaintiff's testimony.

7 – OPINION AND ORDER

The Court further emphasizes Plaintiff's activities of daily living do not constitute substantial evidence to discount Plaintiff's subjective symptom testimony. In general, there are two grounds on which an ALJ may use a plaintiff's daily activities to question a plaintiff's credibility as to her subjective symptoms: (1) when daily activities demonstrate the plaintiff has transferable work skills, and (2) when daily activities contradict the plaintiff's testimony as to the degree of functional limitation. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722; *see Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."). And "the mere fact that a claimant has carried on certain daily activities . . . does not in any way detract from [their] credibility as to [their] overall disability." *Orn*, 495 F.3d at 639 (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

The Commissioner points to *Ahearn v. Saul*, where the claimant had testified "his depression, cognitive impairments, and other issues resulted in severe limitations on his ability to work, including an inability to concentrate for a sustained period and to work fast enough to satisfy his employers." 988 F.3d at 1116. In *Ahearn*, the ALJ properly found that the claimant's "ability to play video games and watch television for sustained periods, to use a library computer a few times a week for two hours at a time (the maximum time permitted by the library), to use public transportation, to shop at stores, to perform personal care, to prepare meals, to socialize with friends, and to perform household chores" undermined his subjective testimony. *Id.* at 1117. In

8 – OPINION AND ORDER

this case, however, Plaintiff's mental impairments arise in part from substance abuse and encompass schizophrenia, bipolar disorder, schizoaffective disorder, anxiety disorder, and eating disorder. Tr. 22. The ALJ recognized these impairments created "symptoms including an anxious and depressed mood, a tearful affect, and slowed behavior" that continued "even after stabilization." *Id.* Plaintiff's daily activities do not directly contradict these impairments or their symptoms as was the case in *Ahearn*. Instead, Plaintiff's activities here represent the kind of evidence the Ninth Circuit has cautioned should not detract from a claimant's credibility. *E.g.*, *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) ("The mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [their] credibility." (quoting *Vertigan*, 260 F.3d at 1050)).

The ALJ committed reversible error in Plaintiff's case. An error is harmless only if it is "inconsequential to the ultimate nondisability determination," *Molina,* 674 F.3d at 1115 (citation and internal quotation marks omitted), or if despite the legal error, "the agency's path may reasonably be discerned," *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation and internal quotation marks omitted). Even assuming the ALJ properly evaluated the medical opinions and lay testimony, the ALJ arrived at an RFC determination that justified the finding of nondisability by finding Plaintiff was not as limited as in her testimony. Tr. 23; *cf. Molina*, 674 F.3d at 1115 (collecting cases). Accordingly, in failing to articulate valid reasons for discounting Plaintiff's symptom testimony, the ALJ's error was not harmless. *Brown-Hunter*, 806 F.3d at 494–95 (finding ALJ's failure to provide specific reasons to discredit specific testimony was not harmless error); *see also Molina*, 674 F.3d at 1115 (collecting cases).

## II.    <u>Remedy</u>

9 – OPINION AND ORDER

Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill*, 698 F.3d at 1162 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292. Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Further proceedings would not serve a purpose in this case and award of benefits is appropriate. The record is fully developed such that there are no ambiguities for further administrative proceedings to resolve and, as explained, the ALJ failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony. Further, Plaintiff's testimony speaking to "panic attacks when given assignments," "difficulties in accomplishing daily tasks," and "require[ing] a 2-3 hour nap once a day" (Tr. 22) is not consistent with employment. *See* Tr. 96 (Vocational Expert Testimony) ("Q[:] And being off task 15 percent or more in a 7.5-hour workday, that would exceed acceptable on task/off task ranges that you've given me, correct? A[:] Yes."). Accordingly, credited as true, Plaintiff's testimony combined with the vocational expert's testimony establish that Plaintiff is disabled under the Act.

## **CONCLUSION**

10 – OPINION AND ORDER

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED for calculation and award of benefits. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED this 28th day of January 2026.

_____ s/ Michael J. McShane _____
Michael J. McShane
United States District Judge
